UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT ONGORI, et al.,

    Petitioners,

v.      Case No. 2:16-cv-224
    HON. GORDON J. QUIST

REBECCA ADDUCCI, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioners, Vincent Ongori, Islam Anamul, Eric Kipsang, Ahmed El-Khattan, and Kanapathippillai Thayaparan, proceeding *pro se*, filed this class action on behalf of "all non-citizens within the Western District of Michigan who: (1) are or were detained for longer than six months; (2) are not and have not been detained pursuant to a national security detention statute[;] (3) and have not been afforded a hearing to determine whether their detention is justified." PageID.3. The named Petitioners are currently in the custody of the Department of Homeland Security, United States Immigrations and Customs Enforcement (ICE).[1] In their petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioners allege substantive due process violations, procedural due process violations, and other statutory violations. Respondents have filed a motion to dismiss. (ECF No. 10.) This matter is now ready for decision.

Federal Rule of Civil Procedure 23 governs class action lawsuits in federal courts. To maintain a class action, the class must have a class representative that will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has repeatedly held

---

[1] Specifically, Petitioners are currently detained at Chippewa County Jail, an ICE contract facility located within this district.

that *pro se* litigants are inadequate class representatives. *See e.g., Ziegler v. Michigan*, 59 F. App'x 622, 624, 2003 WL 264735 (6th Cir. 2003) ("Generally, *pro se* prisoners cannot adequately represent a class."); *Palasty v. Hawk*, 15 F. App'x 197, 200, 2001 WL 857209 (6th Cir. 2001) ("In this case, no representative party was available because *pro se* prisoners are not able to represent fairly the class."); *Marr v. Michigan*, 89 F.3d 834, 1996 WL 205582 (6th Cir. 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.").

Here, Petitioners are not represented by counsel and filed this class action *pro se*. Thus, Petitioners fail to meet the prerequisites for maintaining a class action under Federal Rule of Civil Procedure 23 because Petitioners are inadequate representatives and cannot fairly protect the interests of the class. Therefore, Petitioners cannot pursue this case as a class action.

In addition, the undersigned finds it unnecessary to evaluate the merits of each Petitioners' individual case. First, the petition does not allege any facts pertaining to each individuals' specific case. Second, as Respondents point out, several Petitioners already have individual cases either currently pending or recently decided in this Court. *See Ongori v. Johnson et al.*, Case No. 2:16-cv-180 (pending); *Islam v. Lynch et al.*, Case No. 2:16-cv-172 (closed); *Atugah v. Dedvukaj*, Case No. 2:16-cv-68 (closed); *Atugah v. Lynch et al.*, Case No. 2:16-cv-199 (pending); *Kanapathippillai Thayaparan, v. Lynch et al.*, 2:16-cv-197 (pending).

Accordingly, it is recommended that Respondents' motion to dismiss (ECF No. 10) be granted and this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

-3-

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     December 14, 2016                    */s/ Timothy P. Greeley*
                                                     TIMOTHY P. GREELEY
                                                     UNITED STATES MAGISTRATE JUDGE